```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO VELASQUEZ,

                Plaintiff,

-against-

MEXICO SPORT CENTER & BICYCLE REPAIR, 2320 HUGHES BH LLC, AND NASSER ZAR INC.,

                Defendants.

1: 24-cv-03273 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On October 18, 2024, Defendant Mexico Sport Center & Bicycle Repair Corp responded to Plaintiff's complaint. [ECF No. 22]. Defendant Mexico Sport Center & Bicycle Repair Corp stated in its response that "Defendant owns and runs a business, 'MEXICO SPORT CENTER & BICYVLE REPAIR CORP', located at 624 Crescent Ave., The Bronx, New York." [ECF No. 22]. On October 28, 2024, the Court explained in an Order that Defendant Mexico Sport Center & Bicycle Repair Corp, as a corporation, cannot proceed *pro se* and ordered Defendant Mexico Sport Center & Bicycle Repair Corp to have an attorney make an appearance by November 18, 2024. [ECF No. 23]. On November 14, 2024, Defendant Mexico Sport Center & Bicycle Repair again attempted to file a response without counsel and stated that it is a family business not a "Partnership, an LLC (Limited Liability Company), nor any type of 'Corporation." [ECF No. 24]. As of the date of this Order no attorney has appeared for any Defendants.

Even if Defendant Mexico Sport Center & Bicycle Repair claims it is not a corporation, partnership, or LLC, it still cannot proceed pro se nor can it be represented by a non-attorney. In federal court, "parties may plead and conduct ***their own cases personally*** or by counsel." 28 U.S.C. § 1654 (emphasis added). This permits only "two types of representation: 'that by an

attorney admitted to the practice of law by a governmental regulatory body and that ***by a person representing himself.***'"  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (emphasis added).  Therefore, an individual person has the right to proceed pro se, but the "statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'"  *Id.*; *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.").  Since the complaint named Defendant Mexico Sport Center & Bicycle Repair and not an individual person, Defendant needs to be represented by counsel.

Accordingly, IT IS HEREBY ORDERED that Defendants must have counsel enter an appearance in this case on the docket on or before December 11, 2024.

IT IS FURTHER ORDERED that on or before December 25, 2024, Defendants' counsel must re-file an answer or otherwise respond to the complaint.

**Failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence, and/or default judgement.**

The Court respectfully requests that the filing fee submitted by Defendant with the entry at docket No. 24 be returned to the filer.

**SO ORDERED.**

**Date:  November 21, 2024**
       **New York, NY**

                                                    **MARY KAY VYSKOCIL**
                                                    **United States District Judge**